```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/13
```

June 13, 2013

*Via Email*

**JENNER&BLOCK**

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC


MEMO ENDORSED

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Susan J. Kohlmann
Tel  212 891-1690
Fax  212 891-1699
skohlmann@jenner.com

Re:   *Meredith Corp. et al. v. SESAC, LLC et al.*, No. 09 Civ. 9177 (PAE)

Dear Judge Engelmayer:

I write on behalf of SESAC, LLC, defendant in the above-captioned action. As the Court is aware, for the past several weeks, SESAC and the Television Music License Committee ("TMLC") have been engaged in a meet and confer process regarding the TMLC's forensic recovery efforts in connection with SESAC's proposed spoliation motion. I now write to update the Court concerning the status of those efforts.

The TMLC has made two supplemental productions to SESAC of approximately 900 new documents (or 4,500 pages) that had not already been produced by the TMLC in this litigation. The TMLC also produced last evening a privilege log, identifying approximately 500 additional new documents that are being withheld for privilege. Finally, counsel for the TMLC also advised last evening that they would be making one more supplemental production today, as well as producing an additional privilege log for material redacted from documents.

The TMLC has informed us that there was one back-up hard drive from which no documents could be recovered, and that it has extracted some, but not all, documents from one of the laptop computers of Willard Hoyt, the executive director of the TMLC. The TMLC has further informed us that it has now recovered all documents that it was able to recover.

Notwithstanding the additional productions, SESAC continues to believe that Plaintiffs and the TMLC have not met their preservation obligations under the law. Among other issues, to date, we have identified at least 90 documents among the productions of other parties and non-parties that should have been produced by the TMLC, but which remain missing from its production. We will of course be reviewing the privilege logs and additional production promptly, but we will not have had a full opportunity to review the privilege log or additional production prior to our summary judgment motion filing tomorrow.

Based on the additional document production received to date, and without yet having reviewed what is yet to be produced, SESAC does not believe it is necessary to press the spoliation motion now in advance of the summary judgment motion. However, SESAC

Hon. Paul A. Engelmayer
June 13, 2013
Page 2

respectfully requests that it be permitted to address spoliation, if necessary, following summary judgment, by motion *in limine*. Plaintiffs and the TMLC have agreed that SESAC's decision not to file a spoliation motion at this time is not a waiver of its rights to do so at a later date. In exchange, SESAC has agreed to provide Plaintiffs and the TMLC with advance notice, if such a motion is filed. I would be happy to discuss this issue further with the Court at its convenience.

Respectfully,

Susan Kohlmann /AJS
Susan J. Kohlmann

cc (via email): counsel of record

The Court agrees with the parties' proposed approach. Any spoliation motion can be made after the close of summary judgment.

6/13/13

SO ORDERED:

Paul A. Engelmayer
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE