# Weil, Gotshal & Manges LLP

VIA ECF

January 23, 2015

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: *Meredith Corp. et al. v. SESAC, LLC et al.*, No. 09 Civ. 9177 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

    We write on behalf of the parties in the above-captioned case to request that the final settlement approval hearing, which is currently set for March 13, 2015 at 11:00AM, be moved up to the earliest date and time that is convenient for the Court.

    The proposed class action settlement is unopposed by any settlement class member or regulator. As indicated in Plaintiffs' Unopposed Motion for Final Approval of Settlement [Dkt. No. 212], no class member objected to the settlement or opted out from the settlement class by the December 10, 2014 deadline, nor has any proposed objection or opt out been received since. In addition, the 90-day waiting period before final approval can be granted pursuant to Defendant SESAC, LLC's October 24, 2014 notification to federal and state regulators of the proposed class action settlement under the Class Action Fairness Act, Dkt. No. 206, has now expired without any regulator objecting to the settlement or otherwise contacting the parties.

    Under the contemplated settlement, good-faith negotiations over license fees and terms for the four-year license period beginning January 1, 2016 are to commence by April 1, 2015. Dkt. No. 175-1, § 3(f). The parties have an interest in putting this long-running dispute behind them definitively as they turn towards their future dealings with one another. In addition, the significant monetary fund that was created by this settlement cannot be distributed to the class until the Court makes a determination on final approval and the requested reimbursement of attorney's fees and costs. An earlier fairness hearing will effectuate this important aspect of the settlement sooner as well.

    The notice sent to the settlement class disclosed that the hearing date could change. Specifically, the notice stated as follows: "The hearing may be moved to a different date or time without additional notice, so you must check www.tvmlc.com/sesac/update/trial for updates." Dkt. No. 175-1, Ex. E, at 7. If the Court grants this request, the new hearing date will be: 1) sent via e-mail by the Television Music License Committee to the same stations that received the notice via e-mail; 2) posted prominently on the TMLC's website; and 3) posted on the Court's public docket. For the Court's information, as of this writing, we have received no indication that any settlement class member intends to appear at the hearing.

Hon. Paul A. Engelmayer
January 23, 2015
Page 2

    For all of these reasons, the parties respectfully request that the final approval hearing be moved up to the earliest date and time that is convenient for the Court.

Sincerely,

By: _____
    Steven A. Reiss

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Plaintiffs and
the Settlement Class

By: _____ (JLB)
    Gregory P. Joseph

Joseph Hage Aaronson LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017

Attorneys for Defendant SESAC, LLC