USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MEREDITH CORPORATION, et al.

v.

SESAC, LLC, et al.

Case No. 09 Civ. 9177 (PAE)

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, the Court has considered the Settlement Agreement, including its Exhibits, dated October 14, 2014, among the Named Plaintiffs, third party Television Music License Committee, LLC ("TMLC"), and Defendant SESAC, LLC ("SESAC"), which sets forth the terms and conditions for a proposed class action settlement and resolution of this lawsuit;

WHEREAS, the Court has held a fairness hearing on February 18, 2015, with notice of the hearing having been given in accordance with this Court's Order dated October 31, 2014 [Dkt No. 205]; and

WHEREAS, the Court has considered the Motion for Final Approval and supporting Memorandum of Law, and all other submissions and arguments in support thereof;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement filed with the Court on October 15, 2014, and all terms that are not defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has subject matter and personal jurisdiction over the Named Plaintiffs, all members of the Settlement Class provisionally certified below, SESAC, and the TMLC.

3. The Settlement Class provisionally certified by Order dated October 31, 2014 [Dkt No. 205] is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and consists of:

> All owners of full-power local commercial television stations in the United States and its territories (including Puerto Rico) that obtained licenses from Defendant during the period from January 1, 2008 to the date of this Preliminary Approval Order, including those owned and operated by the ABC and CBS television networks as well as NBCUniversal Media, LLC, but excluding local television stations that are owned and operated by the Univision and Telefutura (now known as UniMas) networks.

4. The Court has appointed, by Order dated October 31, 2014 [Dkt No. 205], the Meredith Corporation, the E.W. Scripps Company, Scripps Media, Inc., and Gray Television Group, Inc. as the representative Named Plaintiffs for the Settlement Class.

5. The Court has appointed, by Order dated October 31, 2014 [Dkt No. 205], Weil, Gotshal & Manges LLP as class counsel for the Settlement Class.

6. The Court finds and concludes that the Settlement Class Notice (attached as Exhibit E to the Settlement Agreement), was disseminated to the Settlement Class in accordance with the terms set forth in the Settlement Agreement and described in the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, and was in compliance with the Court's Order of October 31, 2014 [Dkt No. 205]. The Court further finds and concludes that the Settlement Class Notice was the best notice practicable and satisfied Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and any other

applicable law. The Court also finds that the Settlement Class Notice provided individual notice to all members of the Settlement Class who or which could be identified through reasonable effort.

7. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between Named Plaintiffs and the TMLC, by their counsel, and SESAC, by its counsel.

8. This settlement, as described in the Settlement Agreement, is hereby finally approved. In view of, inter alia, SESAC's agreements regarding future conduct, as well as the monetary settlement consideration to the Settlement Class, provided by the Settlement Agreement, and the Court's finding that said settlement was the product of arm's-length negotiations, the Court finds that said settlement, is fair, reasonable, and adequate as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

9. The Parties are directed to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement.

10. The Court dismisses, on the merits and with prejudice, all counts in the Second Amended Class Action Complaint in favor of SESAC and with prejudice against all Settlement Class Members.

11. Upon entry of this Final Judgment and Order of Dismissal, the Settlement Class Members and the TMLC unconditionally, fully, and finally release and forever discharge SESAC and its affiliates from all released claims as specified in Section 13 of the Settlement Agreement.

12. Upon entry of this Final Judgment and Order of Dismissal, SESAC unconditionally, fully, and finally releases and forever discharges Settlement Class Members and the TMLC from all released claims as specified in Section 13 of the Settlement Agreement.

13. The Plan of Allocation, attached to the Settlement Agreement as Exhibit F, is hereby approved. Within sixty (60) days of Final Settlement Approval, the TMLC, supervised by Plaintiffs' Counsel, shall distribute the Net Settlement Fund according to the Plan of Allocation.

14. Attorney's fees and associated costs incurred by the TMLC of $16,116,763 is awarded. Within sixty (60) days of Final Settlement Approval, or an earlier date approved by the Court pursuant to Section 6(c) of the Settlement Agreement, the TMLC shall distribute any outstanding payables due for these fees and costs.

15. Consummation of this settlement shall proceed as described in the Settlement Agreement.

IT IS SO ORDERED.

DATED: Feb. 19, 2015

Paul A. Engelmayer

THE HONORABLE PAUL A. ENGELMAYER

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK